FIRST DISTRICT COURT OF APPEAL
STATE OF FLORIDA
_____

No. 1D2024-1589
_____

CREDIT ACCEPTANCE
CORPORATION,

Appellant,

v.

TERRENCE HALE,

Appellee.

_____


On appeal from the County Court for Leon County.
Augustus D. Aikens, Judge.


October 1, 2025

PER CURIAM.

Credit Acceptance Corporation ("Credit Acceptance") appeals a final judgment denying its motion for default final judgment. Credit Acceptance argues that the trial court erred in finding it had to prove disposition of the collateral asset was done in a commercially reasonable manner. We agree and, thus, reverse the ordered appealed.

Under section 679.610(2), Florida Statutes, disposition of collateral assets must be done in a commercially reasonable manner. However, "a secured party need not prove disposition of the collateral was done in a commercially reasonable manner unless the debtor places the secured party's compliance in issue."

*Ford Motor Credit Co. v. Arwine*, 276 So. 3d 275, 275 (Fla. 1st DCA 2019); *see also S. Devs. & Earthmoving, Inc. v. Caterpillar Fin. Servs. Corp.*, 56 So. 3d 56, 60 (Fla. 2d DCA 2011) (holding deficiency balance appropriate where appellant did not prove disposition was commercially reasonable and debtor placed appellant's compliance in issue); *Textron Fin. Corp. v. Lentine Marine Inc.*, 630 F. Supp. 2d 1352, 1358 (S.D. Fla. 2009) (noting the defendants placed in issue the commercial reasonableness of the sell, "which would shift the burden to Plaintiff to prove that its sales were in fact commercially reasonable").

Here, Hale never placed the reasonableness of the sale in issue. In fact, Hale did not make any appearance below. "Therefore, the burden of proving the sale of the collateral asset was commercially reasonable never shifted to [Credit Acceptance]." *Arwine*, 276 So. 3d at 275. Because Credit Acceptance was not required to prove the commercial reasonableness of the sale, the trial court erred when it found in Hale's favor and denied Credit Acceptance's motion for default judgment. Accordingly, the final judgment is reversed and the matter remanded for the trial court to enter judgment for the full deficiency balance, as well as appropriate prejudgment interest and court costs.

REVERSED and REMANDED.

BILBREY, M.K. THOMAS, and LONG, JJ., concur.

_____

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

_____

Matthew T. Mitchell of Burr & Forman LLP, Birmingham, Alabama, for Appellant.

Terrence Hale, pro se, Appellee.